RECEIVED
·SDC. WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE __/__/__3__,_07_
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


| | |
|---|---|
| **ROBERT WADDELL**<br>          **Petitioner** | **CIVIL ACTION**<br>**SECTION "P"**<br>**NO. 05-1635-A** |
| **VERSUS** | |
| **BURL CAIN, WARDEN**<br>          **Respondent** | **JUDGE DEE D. DRELL**<br>**MAGISTRATE JUDGE JAMES D. KIRK** |


## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by pro se petitioner, Robert Waddell ("Waddell"), on September 19, 2005, and amended on May 18, 2006 (Doc. Item 9). Waddell is attacking his conviction and sentence imposed by the 9th Judicial District Court in Rapides Parish, Louisiana, on three counts of armed robbery. Waddell received a fifty (50) year concurrent sentence of imprisonment and is currently confined in the Louisiana State Penitentiary in Angola, Louisiana.

Waddell raised the following grounds for review in his habeas petition:

> 1. The trial court erred by sentencing Waddell to an excessive sentence which constitutes cruel and unusual punishment under the Eighth Amendment.
>
> 2. Waddell was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendment of the United States because defense counsel failed to conduct an investigation into and offer expert testimony in

support of Waddell's insanity plea;

Waddell alleges, the state admits and the record reflects

exhaustion of Waddell's state court remedies.

## Facts

The Louisiana Court of Appeal, Third Circuit set forth the facts of

the Waddell case as follows:

> In the early morning hours of July 7, 1998, after admittedly ingesting crack cocaine, the defendant went to the home of Mr. Cleveland Guillory and, at gunpoint, took approximately $2300.00 in cash and some jewelry from him. After leaving Mr. Guillory's house, the defendant went several blocks down the street and forced his way into the home of Ms. Betty Bordelon. Ms. Bordelon stated that the defendant forced her onto the floor and, while holding her at gunpoint, demanded the keys to her car. Ms. Bordelon gave the keys to the defendant and then the defendant took the car and drove to the home of Ms. Connie Arnold. Ms. Arnold testified that the defendant walked into her home, pointed a gun at her, and stated: "Give me your vehicle and I won't hurt you." The defendant then took the keys and ordered Ms. Arnold outside the house and into her car. As the defendant was began [sic] to drive away, Ms. Arnold was [sic] escaped from the defendant by opening the passenger door and rolling out. The defendant continued to flee the scene in Ms. Arnold's vehicle. Soon thereafter, a deputy from the Rapides Parish Sheriff's Office observed the defendant, in Ms. Arnold's vehicle, run a stop sign. A highspeed chase ensued, which ended when defendant drove the stolen vehicle into two pursuing police cars.
>
> The defendant was charged by bill of information on September 16, 1998, for three counts of armed robbery, violations of La.R.S. 14:64. Thereafter, a jury trial was held March 2-3, 1999. On the first day of trial, the defendant motioned the court to change a previously entered "not guilty" plea to a dual plea of "not guilty and not guilty by reason of insanity." Prior to ruling on the change of plea, the defense counsel stated to the court that the defendant, himself, would be the only witness the defense expected to call to support the insanity defense. The trial court allowed the defendant

to change his plea and the defendant subsequently testified during the trial. The defendant offered no psychiatric experts or other corroborating witnesses in support of the insanity plea. During his testimony, the defendant confessed to committing the armed robberies and explained that the cocaine he voluntarily ingested the night of the robberies caused him to "lose control" and made him "out of his mind." The jury found the defendant guilty on all three counts. On March 5, 1999, the trial court sentenced the defendant to fifty years at hard labor without the benefit of probation, parole, or suspension of sentence on each count of armed robbery, with sentences to run concurrently. (Appellate Opinion, p.2; Doc. 15, Ex. p. 416-17).

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. Moya v. Estelle, 696 F.2d 329, 323-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d. 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or the laws or treatises of the United States. 28 U.S.C. §2254(a).

Under AEDPA, which is applicable to habeas petitions filed after its effective date of April 24, 1996, habeas relief is not

available to a state prisoner with respect to a claim that was adjudicated on the merits in the State Court proceeding unless the adjudication of the claim (1) resulted in a decision that was "contrary to", or involved an "unreasonable application of", clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulting in a decision that was based on an "unreasonable determination" of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(2). Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S 885, 122 S.Ct. 194, 151 L.Ed.2d 136 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. Martin, 246 F.3d at 476, and cases cited therein.

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established law was objectively reasonable. A federal court cannot

grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. Id.

## Law and Analysis

### Ground 1 - Excessive Sentence

Waddell contends the trial judge erred in the imposition of an excessive sentence, in violation of La.C.Cr.P. art. 894.1. Even if the statutory requirements of La.C.Cr.P. art. 894.1 were not followed during Waddell's sentencing, this alone would not entitle him to habeas corpus relief. A state's failure to follow the mandates of its own statutes does not, per se, provide a basis for federal habeas corpus relief. Hill v. Estelle, 653 F.2d 202, 205 (5th Cir.), cert. den., 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981).

Federal review of state convictions is confined to the narrow standards of due process. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); Trussell v. Estelle, 699 F.2d 256, 259 (5th Cir.), cert. den., 464 U.S. 853, 104 S.Ct. 168, 78 L.Ed.2d 153 (1983). Moreover, in Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. den., 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988), the court set forth the following standard by which a federal habeas court may review a state trial court's sentencing decision:

> Although wide discretion is accorded a state trial
> court's sentencing decision and claims arising out of
> that decision are not generally constitutionally
> cognizable, relief may be required where the petitioner
> is able to show that the sentence imposed exceeds or is
> outside the statutory limits, or is wholly unauthorized
> by law. If a sentence is within the statutory limits,
> the petitioner must show that the sentencing decision was
> wholly devoid of discretion or amounts to an 'arbitrary
> or capricious abuse of discretion,' or that an error of
> law resulted in the improper exercise of the sentencer's
> discretion and thereby deprived the petitioner of his
> liberty.

Since Waddell's sentence is within the statutory limits, and
Waddell has not alleged an error in law, the court must consider
whether the sentencing decision was "devoid of discretion" or was
an "arbitrary and capricious abuse of discretion".

The sentencing judge noted Waddell faced a potential
incarceration period of 297 years under the statute; however, such
a sentence would be excessive. (Doc. 15, Ex. p. 367) The judge
then looked at Waddell's history, chance of rehabilitation, the
problems he faced when he was out of prison and the severity of the
crime of armed robbery. (Doc. 15, Ex. p. 367-368). This, coupled
with Waddell's statement that he was on "autopilot" while
committing the armed robberies led the judge to determine that the
appropriate sentence was three fifty year terms to run
concurrently. (Doc. 15, Ex. p. 368).

The sentencing judge clearly exercised his sound discretion in
sentencing Waddell, and the sentencing decision was not "devoid of
discretion" or an "arbitrary and capricious abuse of discretion."

6

Accordingly, this ground for habeas relief is meritless.

Ground 2 - Ineffective Assistance of Counsel

Waddell argues he was denied effective assistance of counsel because his trial counsel did not conduct an investigation into and did not present any experts in support of his insanity plea. To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993), citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Moreover, he must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must show that his counsel's performance was (1) deficient (Id. at 688, 104 S.Ct. at 2065) and (2) the deficient performance prejudiced his defense. Id. at 694, 104 S.Ct. at 2068. Petitioner must prove counsel's performance "fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. at 2065.

Counsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary. Nelson v. Hargett, 989 F.2d at 850, citing Strickland, 466 U.S. at 691, 104 S.Ct. at 2066. Bare allegations

7

do not suffice. A particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments. Jones v. Page, 76 F.3d 831, 842 (7th Cir. 1996), citing Strickland. The central purpose of counsel is to ensure that the defendant was accorded due process, not to grade counsel's performance. Bouchillon v. Collins, 907 F.2d 589, 595 (5th Cir. 1990), citing Strickland.

A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The court does not assess any alleged error in isolation. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. Dowthitt v. Johnson, 230 F.3d 733 (5th Cir. 2000), cert. den., 532 U.S. 915, 121 S.Ct. 1250, 149 L.Ed.2d 156 (2001), citing Strickland, 466 U.S. at 689, 104 S.Ct. at 1066 (1984). The court must be particularly wary of arguments that essentially come down to a matter of degrees, i.e., did counsel investigate enough or did counsel present enough mitigating evidence? Those questions are

even less susceptible to judicial second guessing. Dowthitt, 230 F.3d at 743, citing Kitchens v. Johnson, 190 F.3d 698,703 (5th Cir. 1999).

Where the record establishes that counsel had reason to know, from an objective standpoint, that a possible defense, such as insanity, was available, failure to investigate fully can constitute ineffective assistance of counsel. However, the Sixth Amendment does not mean that defense attorneys have a general obligation to explore their client's mental capacity in every case. A defense attorney is not required to pursue defenses that are not reasonably suggested by the apparent factual circumstances surrounding the crime charged or the subsequent demeanor and conduct of the client. Jones v. Page, 76 F.3d at 841. Furthermore, "counsel is not constitutionally ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists." Miniel v. Cockrell, 339 F.3d 331, 345 (5th Cir. 2003), cert. den., 540 U.S. 1179, 124 S.Ct. 1413, 158 L.Ed.2d 81 (2004).

A review of the record reveals that counsel treated Waddell's case as he did any other. He discussed the matter with Waddell and Waddell's family members on several occasions. (Doc. Item 15, Ex. p. 490, 492, 493). Waddell informed him that he wanted to plea not guilty by reason of insanity because he was high on crack cocaine

9

at the time he committed the armed robberies; however, counsel correctly advised Waddell that intoxication was not a viable defense to the crime of armed robbery. (Doc. Item 15, Ex. p. 492-493, 495). Counsel advised that he had no reason to suspect Waddell was mentally ill as he was able to participate in his defense. Furthermore, Waddell failed to mention he was committed to the Central State Hospital in 1975 and 1985 for what Waddell termed hyperactivity.[1] (Doc. Item 15, Ex. p. 494-495).

The matter was pre-tried, plea bargains were discussed, and Waddell, against the advise of counsel, chose to refuse the plea bargain and go forward with trial. (Doc. Item 15, Ex. p. 32, 493, 495, 510, 521). On the eve of trial, counsel motioned the court to allow Waddell to change his plea to not guilty and not guilty by reason of insanity and advised that Waddell wished to testify regarding his mental state at the time of the offense. (Doc. Item 15, Ex. p. 27-28). Waddell's use of the insanity defense and the decision to testify on his own behalf were his ideas, and he proceeded in this fashion against the advice of counsel. (Doc. Item 15, Ex. p. 495, 514). The only proof of insanity Waddell wanted to show was that his voluntary use of crack cocaine led him

---

[1] Even if counsel had been aware of the hospitalizations and had conducted an investigation into his mental history, it is unlikely it would have revealed any evidence which would have substantiated Waddell's insanity plea. Approximately 13 years had lapsed between the last hospitalization and the commission of the armed robberies, and the reason for the commitment was wholly unrelated to Waddell's theory he was insane at the time of the crimes because he voluntarily ingested crack cocaine.

to commit the armed robberies because he could not control himself. (Doc. Item 15, Ex. p. 327). Waddell did not provide anything more than self serving statements regarding his history of mental health problems, and this was not presented until he testified at trial and was not expounded upon until the evidentiary hearing. He never provided names of treating physicians; he admitted he was only seen a couple of times in Angola and that was only subsequent to his recent incarceration and was due to his use of drugs; and he admits he was not prescribed and does not take medication due to mental problems. (Doc. Item 15, Ex. p. 508).

Waddell contends that a more thorough investigation by counsel would have led counsel to retain an expert to testify regarding the effects the crack cocaine had on Waddell. However, even if an expert had been retained and testified in the manner Waddell assumes, this testimony would not have impacted the case in a way which would have altered the outcome. Intoxication was not a viable defense, and there is no indication that Waddell suffered from a mental disease or defect which rendered him incapable of distinguishing between right and wrong. Since he could not carry his burden of proving he was insane, a guilty verdict was inevitable. Particularly in light of the fact he admitted voluntarily ingesting crack cocaine and committing all three of the armed robberies.

Waddell has not proven his counsel's representation deficient,

and even if he had, there is no way he was prejudiced because the outcome of the case would have remained the same. There was no evidence to prove Waddell insane at the time he committed the crimes and expert testimony regarding his voluntary use of crack cocaine would not have assisted him in proving insanity. Because Waddell has not carried his burden of proof, this ground for habeas relief is meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Waddell's petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____

day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE